Donald E. ROBERTSON and Main Fire Protection, Inc., Petitioners-Respondents,†

v.

WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT and Bureau of Apprenticeship Standards, Respondents-Appellants.

Court of Appeals

*No. 2007AP96. Submitted on briefs June 13, 2007.*
*—Decided August 9, 2007.*

2007 WI App 215

(Also reported in 740 N.W.2d 162.)

† Petition to review denied 12/19/07.

On behalf of the respondents-appellants, the cause was submitted on the briefs of *Nadim Sahar*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the petitioners-respondents, the cause was submitted on the brief of *Daniel A. Kaplan* and *Tony H. McGrath* of *Foley & Lardner*, LLP., Madison.

Before Higginbotham, P.J., Dykman and Bridge, JJ.

¶ 1. DYKMAN, J. The Wisconsin Department of Workforce Development and Bureau of Apprenticeship Standards (Bureau) appeals from a circuit court order vacating its decision to deny Donald Robertson an apprenticeship with Main Fire Protection, Inc. (Main). It also appeals from an order awarding Main costs against the Bureau. The Bureau contends that its decision is entitled to deference, and that its interpretation of its own State Apprenticeship Standards for the Automatic Fire Sprinkler Industry (Standards) for determining when to approve an apprenticeship must be affirmed because it was reasonable. Main argues that the Bureau's decision is not entitled to deference because the Bureau has offered inconsistent interpretations of its Standards, and its interpretation must be

rejected because it is inconsistent with the language of the Standards. We conclude that even under a de novo review, the standard of review most favorable to Main, the Bureau's decision must be affirmed. Accordingly, we reverse.[1]

## Background

¶ 2. The following facts are undisputed. Main operates a fire protection business in Madison. Main employs an individual with an automatic fire sprinkler contractor's license under WIS. ADMIN. CODE § Comm. 5.51 (May 2007).[2] In October 2005, the Associated Builders and Contractors Apprenticeship Advisory Committee denied Robertson's application for an apprenticeship with Main. Main appealed to the Bureau, and the Bureau determined that Main could not employ an apprentice because Main did not meet the requirements for employing an apprentice under the Bureau's Standards. The Bureau explained that its Standards "require that the qualified employer, to receive one apprentice, must employ or be a licensed journey level worker (this could be the contractor). Based on the information provided, Main Fire Protection does not employ a licensed journey level fire sprinkler fitter."

¶ 3. Main filed a petition for judicial review of the Bureau's decision in the circuit court, pursuant to WIS. STAT. §§ 227.52 through 227.57 (2005–06). The circuit court vacated the Bureau's decision and awarded costs to Main. The Bureau appeals.

---

[1] Because we reverse the circuit court order reversing the Bureau's decision, we need not reach the Bureau's argument that the circuit court erred in awarding costs to Main.

[2] All references to the Wisconsin Administrative Code are to the May 2007 version unless otherwise noted.

## Standard of Review

¶ 4.   Because this is an appeal from a judicial review of an administrative decision, we review the decision of the agency, not of the circuit court. *See Kruczek v. DWD*, 2005 WI App 12, ¶ 12, 278 Wis. 2d 563, 692 N.W.2d 286. Generally, we give great weight deference to an agency's interpretation of its own rules unless that interpretation is inconsistent with the language of the rules or·clearly erroneous. *Id.* However, there are circumstances under which we afford a lower level of deference to the agency's decision. *See, e.g., id.,* ¶ 12 & n.3. Main and the Bureau contest the standard of review we are to apply in this case; Main contends that the review must be de novo while the Bureau argues that we owe at least some degree of deference to its determination. We need not resolve this dispute. Even assuming that our review is de novo, we affirm the Bureau's decision.[3]

## Discussion

¶ 5.   This case requires that we interpret the apprenticeship ratio provision of the Bureau's standards. We interpret administrative rules as we do statutes generally. *Kruczek*, 278 Wis. 2d 563, ¶ 13. Thus, we begin with the plain language of the rule. *See State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58,

---

[3] Because the standard of review least favorable to the Bureau results in a ruling in its favor, we utilize that standard for purposes of this opinion. Thus, we assume without deciding that our review is de novo, without addressing the various arguments raised by the parties as to which standard of review applies.

¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret the language of the rule in context, relating it to surrounding or closely related rules. *See id.*, ¶ 46.

¶ 6.    The crux of the dispute between the Bureau and Main is the interpretation of the following provision in Section VIII of the Standards:   "RATIO OF APPRENTICES TO JOURNEYWORKERS: Any qualified employer with at least one (1) licensed journey level worker (this could be the contractor) may employ one apprentice. Additional apprentices may be employed as follows:   A. An additional apprentice may be employed for each regularly employed journey level Sprinkler Fitter . . . ." Specifically, this case turns on the interpretation of the term "journey level worker."

¶ 7.    The Bureau argues that a "journey level worker" is an individual who holds a journeyman license under WIS. ADMIN. CODE § COMM. 5.52. Thus, the term includes journey workers (or journeymen) and those contractors holding a journeyman license. The Bureau argues, therefore, that the Standards clearly state that a qualified employer is entitled to one apprentice per licensed journey level worker, and that the contractor may be counted for the first apprenticeship if that contractor holds a journeyman license. Main argues that the Bureau's interpretation is contrary to the language of the provision, and that "journey level worker" must mean both journeymen and contractors.[4] Thus, Main asserts, the provision states that a qualified employer is automatically entitled to one apprentice

---

[4] Main does not argue that its contractor holds a journeyman license under WIS. ADMIN. CODE § COMM. 5.52, only that a contractor is a journey level worker whether or not the contractor holds that license because the contractor is higher on the automatic fire sprinkler system hierarchy.

because the contractor[5] is a journey level worker, and that the employer is entitled to additional apprentices for each additional journey level worker. We agree with the Bureau that the only reasonable interpretation is that "journey level worker" means an individual holding a journeyman license, and that a contractor may or may not be a journey level worker.

¶ 8. Main argues that the Standards use the term "journeyman" in addition to "journey level worker," and thus the two terms must have distinct meanings. *See Zehetner v. Chrysler Fin. Co.*, 2004 WI App 80, ¶ 20, 272 Wis. 2d 628, 679 N.W.2d 919 (when the legislature uses two different terms, we must assume it purposefully selected each term and intended to give each a distinct meaning). In Section XVI(1), under "CONDITIONS OF WORK," the Standards mandate that "[d]uring the first three (3) years, apprentices must be under the direct supervision of an individual who holds either an automatic fire sprinkler contractor license or a journeyman automatic fire sprinkler fitter license." Main argues that the Standards' use of the term "journeyman" in this section shows that the Bureau understood the distinction between a journeyman and a journey level worker, and that if it had meant to say that the contractor had to be a journeyman to qualify for an apprentice, it would have said so. However, in this section, the Standards use the term "journeyman" only to refer to the name for the required license, not to refer to the class of people holding that license. The use of the term "journeyman automatic fire sprinkler fitter license" obviously reflects the actual name of the license

---

[5] Every automatic fire sprinkler system must be installed under the responsibility of a licensed automatic fire sprinkler contractor. WIS. ADMIN. CODE § COMM. 5.51(1).

under Wis. Admin. Code. § Comm. 5.52. When referring to people holding that license, the Standards only use the terms "journey workers," "journey level Sprinkler Fit-, ters," or "journey level workers."

¶ 9.  Thus, rather than the gender-specific term "journeyman" used in the Wisconsin Administrative Code, the Bureau has chosen to use gender-neutral terms to define people holding a journeyman automatic fire sprinkler fitter license.[6] Indeed, Main does not argue that "journey worker" and "journeyman" are not synonymous. Instead, Main limits its argument to distinguishing "journey level worker" from "journey worker" or "journeyman."[7]

¶ 10.  We agree with Main that because the Bureau used two different terms, "journey level worker" and "journey worker," we presume that the terms have distinct meanings. *See Zehetner*, 272 Wis. 2d 628, ¶ 20. We do not agree that the result is that "journey level worker" must mean all journey workers and contractors. Instead, we conclude that "journey level worker" can only reasonably be interpreted to include journey workers and those contractors who hold a journeyman license.[8]

---

[6] As the Bureau points out, a legislature or administrative agency that chose to use the term "fire person" or "fire fighter" would not be accused of implying a different meaning than "fireman."

[7] Because we have explained that the Standards use "journey worker" in lieu of "journeyman," and Main does not argue otherwise, the remainder of this opinion focuses on Main's asserted distinction between "journey worker" and "journey level worker."

[8] Because we conclude that the terms "journey level worker" and "journey worker" do have distinct meanings, only not the

¶ 11.  While the Standards do not define the terms "journey worker" or "journey level worker," the related sections of the Wisconsin Administrative Code provide guidance. WISCONSIN ADMIN. CODE § COMM. 5.51(2m) specifies that a person qualifies to take the contractor examination if that person has (1) a required amount of experience as a licensed journeyman automatic fire sprinkler fitter; (2) a required amount of education; (3) a required amount of experience in automatic fire sprinkler design or installation; or (4) a certain certification in fire protection/automatic fire sprinkler system layout. Thus, an individual may qualify to take the contractor examination either through experience as a licensed journey worker, through education, or through other relevant experience. It follows, then, that a holder of a contractor license may or may not also hold a journeyman license.[9] The term "journey level worker," therefore, logically applies to holders of a journeyman license: either contractors who hold that license, or journey workers.

¶ 12.  Main argues, however, that it makes no sense for a journey worker to qualify an employer to employ an apprentice while a contractor does not, since a contractor is higher in the automatic fire sprinkler system hierarchy. However, it does make sense that only an individual holding a journeyman license will qualify an employer to employ an apprentice. WISCONSIN ADMIN. CODE § COMM. 5.52(3) provides that a journeyman

meanings Main urges, we need not address Main's argument that interpreting the two terms as synonymous renders the word "level" superfluous.

[9] Neither party indicates whether or not the two licenses may be held concurrently. However, we have discovered nothing in the Standards or the Wisconsin Administrative Code indicating that a person may not hold both licenses concurrently.

440

license is only available to individuals who have completed an automatic fire sprinkler system apprenticeship. Thus, a journey worker or a contractor who holds a journeyman license will have completed an apprenticeship program, while a contractor who has utilized another means of qualification will not have completed an apprenticeship. We see nothing irregular about requiring an employer to employ at least one individual who has completed an apprenticeship to qualify to employ an apprentice.

¶ 13.   We also disagree with Main's argument that the common understanding of the term "journey level worker" is both contractors and journey workers. First, Main's citation to the record supporting this assertion is to an affidavit of its own contractor stating as much. Also, if that were true, every automatic fire sprinkler system installer would automatically qualify for an apprentice, since a contractor must be responsible for each automatic fire sprinkler system installation. *See* WIS. ADMIN. CODE § COMM. 5.51(1). Not only would there be a far simpler way for the Standards to express the Bureau's intent to automatically allow an automatic fire sprinkler installer employer an apprentice, but that interpretation contravenes the Bureau's choice of the word "could." As the provision states, the journey level worker *could* be the contractor; because not every contractor is a journey level worker, the provision does not say *will* or *shall*.

¶ 14.   Finally, Main argues, and the circuit court found, that because the Foreword to the Standards uses the phrase "contractors and journey workers" twice, and then "journey level Sprinkler Fitters" once (without pairing it with "contractors") the Bureau intended "journey level Sprinkler Fitters" to include both contractors and journey workers. We are not persuaded that this

441

inference follows. The Foreword's use of the phrase "journey level Sprinkler Fitters" without the paired term "contractors" is in a sentence stating that the increased skill needed by journey level workers requires the training and experience that an apprenticeship provides. This makes sense, as only journey level workers, and not contractors who qualify for a license through means other than experience as a licensed journey worker, will complete an apprenticeship. On the other hand, as the Foreword explains, both contractors and journey workers must have guidance in apprenticeship standards. This also makes sense, as contractors must provide general supervision to apprentices. *See* WIS. ADMIN. CODE § COMM. 5.53(1). Moreover, the plain language of the Standards leads to a conclusion contrary to Main's assertion.

¶ 15.   Thus, the Standards' apprentice ratio provision, by its express language, allows an employer an apprentice if that employer has at least one "journey level worker," that is, a worker holding a journeyman license, whether a contractor or a journey worker. Even affording no deference to the Bureau's decision, we agree with the Bureau's interpretation of its Standards. Accordingly, we reverse.

*By the Court.*—Orders reversed.